## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IAN JOBE, and** | : | |
| **CATHERINE JOBE, his wife,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **3:CV-06-0697** |
| | : | **(JUDGE VANASKIE)** |
| **ARGENT MORTGAGE COMPANY,** | : | |
| **LLC,** | : | |
| **Defendant** | : | |

### <u>MEMORANDUM</u>

This action arises out of an attempt by homeowners to rescind a mortgage obligation they incurred in refinancing their home.  Ian Jobe and his wife, Catherine Jobe, plaintiffs proceeding <u>pro</u> <u>se</u>, are seeking to quiet title in their favor and to cancel their contract with Defendant Argent Mortgage Company, LLC ("Argent Mortgage").  The Jobes further seek, pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 <u>et</u> seq., a money judgment of $300,000, as well as a declaratory judgment affirming their withdrawal from the contract.[1]

Presently before the Court are cross-motions for summary judgment.  (Dkt. Entries 23, 30.)  Because Plaintiffs' claim for damages under the TILA is untimely, the Court will grant Argent Mortgage's Motion for Summary Judgment as to that claim.  Because there is a genuine issue of fact material to the issue of whether the Jobes received the required number of copies

---

[1]This Court has jurisdiction over Plaintiffs' TILA claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1640(e), and jurisdiction over Plaintiffs' state law claim to quiet title pursuant to 28 U.S.C. § 1367.

of the right to cancel the transaction, the cross motions for summary judgment will be denied in all other respects.

## I. BACKGROUND

In an effort to refinance their home, Ian and Catherine Jobe contacted mortgage broker Western Thrift and Loan, which submitted their loan application to Argent Mortgage in March of 2005.  (Pls.' Reply, Dkt. Entry 32, ¶ 5.)  Argent Mortgage then agreed to finance the Jobes' loan.

At the closing on March 25, 2005, the Jobes signed numerous documents confirming their loan with Argent Mortgage for $248,800, at an interest rate of 8.75%.  (Ian Jobe Dep., Dkt. Entry 23-4, at 14; Ex. D, Dkt. Entry 23-5, at 2.)  These documents included a Mortgage (Ex. C, Dkt. Entry 23-4, at 89), an Adjustable Rate Note (Ex. D, at 2), a TILA Disclosure Statement (Ex. E, Dkt. Entry 23-5, at 6), a HUD-1 Settlement Statement (Ex. F, Dkt. Entry 23-5, at 8), and a Notice of Right to Cancel.[2]  (Ex. G, Dkt. Entry 23-5, at 10.)  According to the Adjustable Rate Note, the Jobes agreed to make monthly payments of $1,957.32, starting May 1, 2005.  Richard Coburn, the title officer and closing agent, managed the closing and witnessed the signatures of the Jobes on the mortgage.  (Ex. C, at 105.)

Nearly one year after closing on the transaction, the Jobes wrote to Argent Mortgage to

---

[2]When asked whether he recognized his or his wife's signature on various closing documents, Mr. Jobe answered he did not know.  (Ian Jobe Dep., Dkt. Entry 23-4, at 15, 16, 17, 18, 21, 22.)

cancel and rescind the loan agreement.  (Ex. H, Dkt. Entry 23-5, at 8.)  In their letter of February 15, 2006, purporting to cancel the transaction, the Jobes requested that Argent Mortgage "return the money we gave you and anyone else in connection with this transaction within 20 calender days of your receipt of this notice."  (Id.)

On April 4, 2006, when Argent Mortgage failed to meet their demands, the Jobes filed this action.  They assert that Argent Mortgage failed to comply with the TILA by not including "two copies of Notice of Right to Cancel."  (Compl. ¶ 17.)  The Jobes contend that they "have a continuing right to rescind the transaction until the third business day after they receive all 'material disclosures.'"[3] (Compl. ¶ 18.)

Argent Mortgage counters by pointing to the Notice of Right to Cancel, signed by both Catherine and Ian Jobe, containing a written acknowledgment that:

> The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221.)

(Ex. G., at 10; Def.'s Mot. Summ. J., Dkt Entry 23-5, at 7.)  The Jobes testified that they understood this language to mean that they "collectively, as a couple, received two copies." (Pls.' Opp'n Mot. Summ. J., Dkt. Entry 28, at ¶ 14.)  Richard Coburn, in contradiction to the

---

[3]Mr. Jobe argues that he "should have had more than one copy of" the Right to Cancel Document, but didn't.  (Ian Jobe Dep., Dkt. Entry 23-4, at 13.)  When questioned about receiving documents at the closing, however, Mr. Jobe stated, "I can't remember what was left with me that time."  (Id. at 15.)

Jobes' assertion, testified that the Jobes each received two copies of the Notice of Right to Cancel:

> Q: Mr. Coburn, I just want to be very clear for the record.  Coburn 3, the Notice of Right to Cancel, were Mr. and Mrs. Jobe provided two copies each of the Notice of Right to Cancel at the loan closing?
>
> A: Yes, they were.

(Richard Coburn Dep., Dkt. Entry 23-4, at 52.)[4]

The Jobes seek damages under the TILA in the amount of $300,000, or an affirmation of their withdrawal from the contract and an order for Argent Mortgage to return all money and property received under the loan.  In addition to their TILA claim, the Jobes seek to quiet title in their favor and to cancel the contract in its entirety.[5]  (Compl. at p. 6.)

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is "material" if proof of its existence or nonexistence might affect the outcome of the suit under the

---

[4]The Jobes argue that Richard Coburn's testimony is inadmissible evidence, (Pls.' Reply, Dkt. Entry 32, ¶ 15), but fail to cite any authority or give any reason why it is inadmissible.

[5]If the contract cannot be cancelled, the Jobes request in the alternative a money judgment in an amount sufficient to retire the contract.  (Compl. ¶ 40.)

applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is genuine

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Id.

All doubts as to the existence of a genuine issue of material fact must be resolved

against the moving party, and the entire record must be examined in the light most favorable to

nonmoving party.  Cont'l Ins. Co. v. Bodie, 682 F.2d 436, 438 (3d Cir. 1982).  The moving party

has the burden of showing the absence of a genuine issue of material fact, but the nonmoving

party must present affirmative evidence from which a jury might return a verdict in the

nonmoving party's favor.  Anderson, 477 U.S. at 256-57.  Merely conclusory allegations taken

from the pleadings are insufficient to withstand a motion for summary judgment.  Schoch v. First

Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  Summary judgment is to be entered

"after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986).

**B.  The TILA Claim**

The congressionally stated purpose of the TILA is "to assure a meaningful disclosure of

credit terms so that the consumer will be able to compare more readily the various credit terms

available to him and avoid the uninformed use of credit, and to protect the consumer against

5

inaccurate and unfair credit billing and credit card practices." 15 U.S.C.A. § 1601.  The Federal

Reserve Board, pursuant to authority granted it by Congress, has promulgated rules and

regulations to implement the TILA, collectively known as Regulation Z. 12 C.F.R.  § 226.1 et

seq.  Courts are to require strict adherence to Regulation Z.  "A creditor who fails to comply with

TILA in any respect is liable to the consumer under the statute regardless of the nature of the

violation or the creditor's intent."  Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 898

(3d Cir. 1990) (citing Thomka v. A.Z. Chevrolet, Inc., 619 F.2d 246, 249-50 (3d Cir.1980)).

"'[O]nce the court finds a violation, no matter how technical, it has no discretion with respect to

liability.'" Id.  (citing Grant v. Imperial Motors, 539 F.2d 506, 510 (5th Cir.1976)).  Of most

significance in this case is 12 C.F.R. § 226.23(b)(1), which requires, among other things, a

creditor to "deliver two copies of the notice of the right to rescind to each consumer entitled to

rescind . . . ." 12 C.F.R. § 226.23(b)(1).  When there are two signatories to the contract, each

one must receive two copies, making for a total of four copies.  See, e.g., In re Meyer, 379 B.R.

529, 546 (Bankr. E.D. Pa. 2007); Stone v. Mehlberg, 728 F. Supp. 1341, 1353 (W.D. Mich.

1989).

        The Jobes argue that Argent Mortgage failed to comply with 12. C.F.R. § 226.23(b)(1),

thus triggering their right to rescind under 12 C.F.R. § 226.23(a).  To exercise the right to

rescind, a consumer has:

    until midnight of the third business day following consummation, delivery of
    the notice required by paragraph (b) of this section, or delivery of all material

> disclosures, whichever occurs last. If the required notice or material
> disclosures are not delivered, the right to rescind shall expire 3 years after
> consummation, upon transfer of all of the consumer's interest in the property,
> or upon sale of the property, whichever occurs first.

12 C.F.R. § 226.23(a)(3).  Because Argent Mortgage allegedly failed to provide all material disclosures, namely two copies of the Notice of Right to Cancel to *each* of them (a total of four copies), the Jobes contend they validly rescinded their contract on February 15, 2006, less than three years after the March 25, 2005 date of consummation.  Argent Mortgage counters by arguing that the Jobes' verified complaint alone, without additional corroborative evidence, is insufficient to rebut the presumption under 15 U.S.C. § 1635(c) that the Jobes each received two copies of the Notice of the Right to Cancel.  (Def.'s Mot. Summ. J., at 6.)

15 U.S.C. § 1635(c) provides: "Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof."  15 U.S.C. § 1635(c).  Thus, the Jobes' signatures at the bottom of the Notice of Right to Cancel create a rebuttable presumption of delivery of the two copies of the Notice of Right to Cancel.  Stone, 728 F. Supp. at 1354.  The burden then shifts to the Jobes to rebut the presumption that they each received two copies of the Notice of Right to Cancel.

As rebuttal evidence, the Jobes submit their verified complaint, which claims Argent Mortgage failed to give them each two copies of the Notice of Right to Cancel.  (Compl. ¶ 17.)

7

At their depositions, however, the Jobes testified that they could not remember what was given to them at the time of the closing.  (Ian Jobe Dep., at 15; Catherine Jobe Dep. Dkt. Entry 23-5, at 35.)

The conflicting versions of what was delivered at the closing are not capable of resolution on summary judgment motions.  Where a borrower's testimony has been found insufficient to rebut the presumption of delivery, there have been extenuating factors that revealed the self-serving testimony to be unreliable.  For example, in Sibby v. Ownit Mortg. Solutions, Inc., 240 F. App'x. 713, 717 (6th Cir. 2007), the court concluded that "[p]laintiff's deposition testimony that she only received one copy [of the Notice of Right to Cancel] is insufficient to rebut this presumption" given the fact that plaintiff had been deemed to have admitted receipt when she failed to respond to requests for admission.  In Williams v. First Gov't Mortg. & Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000), the court, noting that the district court had ample reason for finding plaintiff's trial not credible, affirmed the district court's determination that the plaintiff failed to rebut the presumption of delivery "because [plaintiff] offered no evidence of non-delivery beyond his trial testimony."  In McCarthy v. Option One Mortg. Corp., 362 F.3d 1008, 1012 (7th Cir. 2004), the court affirmed the district court's grant of summary judgment, reasoning that "[e]vidence of regular office procedures and customary practices of a sender gives rise to a presumption of delivery and this Court has rejected the notion that this type of evidence may be rebutted by a mere denial of receipt."  In Strang v. Wells Fargo Bank, N.A., No. Civ.A.04-CV-

8

2865, 2005 WL 1655886, at *3 (E.D. Pa. July 13, 2005), the court awarded summary judgment to the lender where the borrower's filings in bankruptcy court belied their assertion that disclosures had not been provided.

Where a borrower's denial of receipt of the pertinent documents is not controverted, the presumption of delivery is rebutted and summary judgment in favor of the borrower may be warranted.  See, e.g., Stone, 728 F. Supp. at 1354 (finding plaintiffs' affidavits sufficient to rebut the presumption, entitling them to summary judgment as a matter of law as the lender did not submit any evidence beyond the signed acknowledgment of receipt).  Some courts have found that a borrower's testimony that he or she did not receive the TILA disclosure statement rebutted the presumption of delivery and created a question of fact.  E.g., Schumacher v. ContiMortgage Corp., No. C99-160 MJM, 2000 WL 34030847, at * 3 (N.D. Iowa June 21, 2000) ("Courts have consistently held that a debtor's testimony that he/she did not receive the TILA disclosure statement is sufficient to rebut the presumption that he/she did."); Davison v. Bank One Home Loan Services, No. 01-2511, 2003 WL 124542, at *4 (D. Kan. Jan. 13, 2003) (denying the defendant bank's motion for summary judgment, finding the plaintiff's testimony sufficient to rebut the presumption and create issue of fact); Cooper v. First Gov't Mortg. & Investors Corp., 238 F. Supp. 2d 50, 64-65 (D. D.C. 2002) (holding, on cross-motions for summary judgment, that the plaintiff's testimony is sufficient to overcome the presumption of delivery so as to create issue of fact for trial); Williams v. Gelt Fin. Corp., 237 B.R. 590, 595 (E.D. Pa. 1999) (affirming

the bankruptcy judge's factual finding that plaintiff's testimony was credible and therefore plaintiff sufficiently rebutted the presumption).  The D.C. Circuit has observed that borrowers face a low burden in rebutting this presumption under the TILA.  Williams v. First Gov't Mortg. & Investors Corp., , 225 F.3d at 751.[6]

Plaintiffs have tendered evidence that serves to rebut the presumption of delivery. Argent Mortgage has submitted countervailing evidence in the form of the testimony of the closing agent.  Moreover, Plaintiffs' credibility is plainly in question. In this regard, their deposition testimony conflicts with their verified complaint.[7]  The Plaintiffs state in their verified complaint that "Defendant failed to give all material disclosures required by the Truth in Lending Act, including . . . two copes of [the] Notice of Right to Cancel." (Compl. ¶ 17.) At their

---

[6]The D.C. Circuit, citing Dean Wigmore, explained the law of presumptions:

As Dean Wigmore has explained, "the peculiar effect of a presumption 'of law' (that is, the real presumption) is merely to invoke a rule of law compelling the (trier of fact) to reach a conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the (factfinder's) hands free from any rule." As more poetically the explanation has been put, "(p)resumptions . . . may be looked on as the bats of the law, flitting in the twilight, but disappearing in the sunshine of actual facts."

Legille v. Dann, 544 F.2d 1, 5-6 (D.C. Cir. 1976).

[7]A verified complaint may be treated as an affidavit in support of or in opposition to a motion for summary judgment if the allegations are specific and based on personal knowledge. Wilson v. Maben, 676 F. Supp. 581, 583 (M.D. Pa. 1987); see Reese v. Sparks, 760 F.2d 64, 67 (3d Cir. 1985).

depositions, however, the Jobes testified that they did not know what documents they received at the closing.  There is consequently an issue of credibility that cannot be resolved on a summary judgment motion.  Even if there were no credibility concerns, Argent Mortgage has tendered testimony that each borrower received two copies of the notice of cancellation, thus creating an issue of fact here.[8]

In short, considering the evidence presented by both sides, it is evident that there is a genuine issue of material fact on the delivery issue.  Thus, the Motions for Summary Judgment submitted by both parties on this issue will be denied.

Argent Mortgage also argues that the Jobes' claim for statutory damages is time-barred. (Mot. Summ. J., Dkt. Entry 23, at 9.)  An action for statutory damages under the TILA must be brought "within one year from the occurrence of the violation."  15 U.S.C. § 1640(e).  See Smith, 898 F.2d at 903; Colanzi v. Savings First Mortg., LLC., No. 07-3632, 2008 WL 161170, at *2 (E.D. Pa. Jan. 16, 2008).  Since the alleged violation, failing to provide four copies of the Notice of Right to Cancel, occurred at the loan closing on March 25, 2005, the claim for statutory damages, filed on April 6, 2006, is untimely.  Argent Mortgage is entitled to judgment in its favor on this claim.

---

[8]The testimony of Richard Coburn also conflicts with the verified complaint.  Mr. Coburn testified that he witnessed the Jobes sign the Notice of Right to Cancel and verified that the Jobes received two copies each.

## III.  **CONCLUSION**

For the reasons set forth in the foregoing memorandum, Defendant Argent Mortgage's Motion for Summary Judgment as to the Jobes' statutory damages claim will be granted. Defendant Argent Mortgage's Motion for Summary Judgment in all other respects and the Jobes' Motion for Summary Judgment will be denied.   An appropriate Order follows.


**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IAN JOBE, and** | : | |
| **CATHERINE JOBE, his wife,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **3:CV-06-0697** |
| | : | **(JUDGE VANASKIE)** |
| **ARGENT MORTGAGE COMPANY,** | : | |
| **LLC,** | : | |
| **Defendant** | : | |

## ORDER

**NOW, THIS 15th DAY OF FEBRUARY, 2008**, for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1.  Defendant's Motion for Summary Judgment (Dkt. Entry 23) is **GRANTED** as to Plaintiffs' statutory damages claim.  In all other respects, Defendant's Motion is **DENIED**.

2.  Plaintiffs' Motion for Summary Judgment (Dkt. Entry 30) is **DENIED**.

3.  A telephonic scheduling conference shall be held on March 3, 2008, at 10:00 a.m. Counsel for Defendant is responsible for making the arrangements for the conference call, which shall be placed to (570) 207-5720.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge
