IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IAN JOBE, and                              :
CATHERINE JOBE, his wife,                  :
                          Plaintiffs       :
          v.                               :        3:CV-06-0697
                                           :        (JUDGE VANASKIE)
ARGENT MORTGAGE COMPANY,                   :
LLC,                                       :
                          Defendant        :

## MEMORANDUM AND ORDER

This case arises out of the attempt of Ian and Catherine Jobe to rescind a mortgage

obligation they incurred in refinancing their home with Argent Mortgage Company, LLC ("Argent

Mortgage").[1]   The Jobes claim they did not receive the required number of copies of the

document entitled "Right to Cancel the Transaction" as required by the Truth in Lending Act

("TILA"), 15 U.S.C. § 1601 et seq.  On February 15, 2008, this Court issued a Memorandum

and Order denying Defendant Argent Mortgage's and Plaintiffs' Motions for Summary

Judgment.[2]  (Ct. Mem. & Ord., Dkt. Entry 33.)  A few weeks later, on March 3, 2008, Plaintiffs,

proceeding pro se,  filed a Motion for Reconsideration.  (Dkt. Entry 36.)  Two days later,

Defendant also filed a Motion for Reconsideration.  (Dkt. Entry 38.)

---

[1]For the factual background of this matter, please see this Court's Memorandum and Order dated February 15, 2008.  (Dkt. Entry 33.)

[2]In March of 2008, Plaintiffs appealed this Court's Memorandum and Order dated February 15, 2008.  On July 22, 2008, the Court of Appeals dismissed the appeal for lack of jurisdiction.  (Dkt. Entry 48.)

The standard for determining whether to grant a motion for reconsideration is a stringent one.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied 476 U.S. 1171 (1986); see also Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).  A party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing order: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Burrell v. Lindsay, Civil No. 3:CV-06-0904, 2007 WL 141012, at *1 (M.D. Pa. Jan. 17, 2007) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Further, this Court has cautioned litigants that a mere disagreement with the Court does not translate into a clear error of law.  Dodge, 796 F. Supp. at 830.  A motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court.  Id.  Instead, a motion for reconsideration is appropriate where the court has patently misunderstood a party or where there has been a significant change in the law or facts since the court originally ruled on the issue.  Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Plaintiffs' Motion for Reconsideration does not assert that there has been a change in the law, newly discovered evidence, or that there is a need to correct a clear error of law or fact

2

or to prevent manifest injustice.  Rather, Plaintiffs make several assaults on the authenticity and

credibility of the deposition of Richard Coburn, the title officer and closing agent.  (Exhibit B,

Dkt. Entry 23-4, at 39.)  Plaintiffs argue that the deposition is not authentic, that one of Mr.

Coburn's statements is inadmissible because he responded to a leading question, that Mr.

Coburn's testimony is not credible, and that it this Court should infer that Mr. Coburn did not

have an independent recollection of what was delivered to Mr. and Mrs. Jobe because he

performed over one-hundred mortgage closings.[3]  (Pls.' Br. Supp., Dkt. Entry 36, at 2; Pls.'

Reply, Dkt. Entry 39, at 3. )  Plaintiffs have not set forth any reasonable basis for challenging

the authenticity of the deposition.  Moreover, "[c]redibility determinations, the weighing of the

evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of

---

[3]Plaintiffs claim they filed their Complaint within one year of a violation, thus the Court
incorrectly found their statutory damages claim under the Truth in Lending Act ("TILA"), 15
U.S.C. § 1601 et seq., barred by the one year statute of limitations. (See Pls.' Br. Supp., Dkt.
Entry 36, at 3.)  The violation alleged is a failure to disclose the finance charges and interest
rates, which the Jobes claim did not occur at the closing, but when they received their first
monthly interest statement.  Even if it is true that these disclosures were not made, this
violation derives from the closing, and not when the Jobes received their first monthly interest
statement.  See Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 903 (3d Cir. 1990).
Thus, the Court's prior decision still stands.  (See Mem. & Ord., Dkt. Entry 33, at 11.)
        Plaintiffs further claim that page fourteen of Mr. Coburn's deposition, included as an
exhibit to Defendant's Counter Statement of Material Facts (Dkt. Entry 31-3, at 5), is
inadmissible and unauthenticated because it is unsworn and not signed.  This page, however,
is identical to page fourteen of Mr. Coburn's deposition at Docket Entry 23-4, at 52, which is
accompanied by Mr. Coburn's entire deposition, indicates that he has been duly sworn, and is
notarized by Josephine Hollman, a Notary Public of the Commonwealth of Pennsylvania.  An
excerpt from a deposition is not unauthentic simply because the entire deposition is not
included.  The same is true for other excerpts of other documents in the record.

a judge" when ruling of motions for summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Thus, Plaintiffs' Motion for Reconsideration will be denied.[4]

Citing seven cases, three of which were discussed in this Court's initial decision, Defendant argues that "a borrower's testimony that disclosures were not provided, without more, is insufficient to rebut the presumption that disclosure occurred where there is written acknowledgment of receipt."  (Def.'s Br. Supp., Dkt. Entry 38, at 4-6.)  Defendant's argument simply rehashes its prior argument (see Def.'s Br. Supp. Mot. Summ. J., Dkt. Entry 23, at 6-8), and improperly asks this Court to "rethink what it has already decided."  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).  Rulings on dispositive motions would have no finality if reconsideration motions were governed by such a standard of review.

In this Court's Memorandum and Order dated February 15, 2008, this Court carefully and extensively considered whether the Jobes procured sufficient evidence to rebut the presumption that they received the required number of copies of the right to cancel the transaction documents at the time of the closing.  (See Mem. and Ord., Dkt. Entry 33, at 8-11.)  The Court first recognized that, in cases "[w]here a borrower's testimony has been found

---

[4]The fact that Plaintiffs failed to raise these arguments in conjunction with their Motion for Summary Judgment, or in opposition to Defendant's Motion for Summary Judgment, warrants dismissal of their Motion for Reconsideration as well.  See Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990) (ruling that motions for reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided").

insufficient to rebut the presumption of delivery, there have been extenuating factors that revealed the self-serving testimony to be unreliable." (Id. at 8.)  This was followed by a short analysis of several cases where a borrower's testimony was insufficient to rebut the presumption for delivery for various reasons.  The Court then contrasted these cases with other cases where the borrower's denial of receipt of the pertinent documents was not controverted, and the courts found summary judgment in favor of the borrower was warranted.  Taking into account these decisions, the Court found summary judgment was not warranted in favor of either party because each side had submitted competent evidence of delivery or non-delivery, and the Jobes' credibility was in question.  (Id. at 10-11.)  See McCutcheon v. America's Servicing Co., Civil Action No. 06-03121, Dkt. Entry 27 (E.D. Pa. July 19, 2007), aff'd, 2009 WL 723601 (3d Cir. Mar. 20, 2009) (denying a motion for summary judgment concerning whether the plaintiff-mortgagor could rescind his mortgage and whether he received disclosures required by the TILA because of genuine disputed issues of fact and credibility issues that should be determined at trial).

Defendant is admonished that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court.  See Dodge, 796 F. Supp. at 830. Citing the same cases that stand for the proposition considered by a court in its original opinion is not an appropriate use of a motion for reconsideration.  Denial of Defendant's Motion for Reconsideration is therefore warranted.

ACCORDINGLY, THIS 25th DAY OF MARCH, 2009, IT IS HEREBY ORDERED THAT:

1.  Plaintiffs' Motion for Reconsideration (Dkt. Entry 36) is DENIED.

2.  Defendant's Motion for Reconsideration (Dkt. Entry 38) is DENIED.

3.  A telephonic scheduling conference shall be held on Friday, April 10, 2009, at 2:30 p.m.  Counsel for Defendant is responsible for making the arrangements for the conference call, which shall be placed to (570) 207-5720.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge