IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IAN JOBE AND CATHERINE JOBE, :
    Plaintiffs :
     :
    v. : No. 3:CV-06-00697
     : (JUDGE VANASKIE)
ARGENT MORTGAGE COMPANY, LLC, :
    Defendant :

MEMORANDUM

This case arises out of an attempt by Plaintiffs Ian and Catherine Jobe to rescind a mortgage obligation they incurred in refinancing their home with Defendant Argent Mortgage Company, LLC ("Argent Mortgage"). Plaintiffs, who proceed *pro se,* seek to rescind the contract of indebtedness and quiet title to their Monroe County property on the strength of their claim that they each did not receive two copies of the "Notice of Right to Cancel" at the closing on the mortgage as required under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Plaintiffs make this claim despite having signed the "Notice of Right to Cancel" that acknowledged receipt of the appropriate number of copies. At issue is whether Plaintiffs have rebutted the presumption, created by their signatures, that they each received two copies of the "Notice of Right to Cancel." Also at issue is whether rescission is an available remedy given Plaintiffs' admitted inability to tender payment of the outstanding principal balance on the loan.[1]

---

[1] Argent Mortgage has asserted that it is not the proper party to this action, alleging that it sold and assigned the mortgage to Wells Fargo Bank, N.A., as Trustee for the Benefit of Certain Holders, Park Place Securities, Inc. Asset Backed Pass-Through Certificates Series

Finding that Plaintiffs have not rebutted the presumption that they each received the appropriate number of copies of the Notice of Right to Cancel at their closing, and that rescission is inappropriate because Plaintiffs' lack the means to tender payment of the loan proceeds that they received, the Court will enter judgment for Argent Mortgage.

I. <u>PROCEDURAL HISTORY</u>

Plaintiffs filed this action on April 4, 2006, asking this Court to quiet title in their favor and to rescind their contract with Defendant Argent Mortgage Company, LLC ("Argent Mortgage"). Plaintiffs also sought, pursuant to the TILA, a money judgment of $300,000, as well as a declaratory judgment affirming that Plaintiffs validly rescinded the secured loan with Argent Mortgage. (Dkt. Entry 1, p.5-6.) Following discovery, Defendant and Plaintiffs both moved for summary judgment. (Dkt. Entries 23 & 30.) The Court partially granted Defendant's motion, finding that Plaintiffs' statutory damages claim was untimely. (Dkt. Entry 33.) Concluding that there were genuine disputes of fact as to whether Defendant's agent failed to deliver to each Plaintiff two copies of the TILA-required notice of right to cancel, the Court denied the parties' competing claims for summary judgment on the rescission and quiet title claims. (Dkt. Entry 33.) A non-jury trial was conducted on July 24, 2009. This opinion presents the Court's

---

2005-WCW2 ("Wells Fargo"). Argent Mortgage, however, failed to present competent proof of this transaction. Moreover, Argent Mortgage acknowledged that records in the Monroe County Recorder of Deeds Office still indicate that Argent Mortgage remains the mortgagee. Under these circumstances, no further consideration will be given to the contention that it is not the proper party to this proceeding.

findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a)(1).

II.     FACTUAL FINDINGS

The Court makes the following findings of fact:

1.     Plaintiffs are co-owners of a property located at 16 Laurel Lane in Mount Pocono, Pennsylvania.  (Defendant's Proposed Findings of Fact, Dkt. Entry 56, ¶ 1.)[2]

2.     In 2005, Plaintiffs sought to refinance their existing mortgage on the property and contacted a broker, Western Thrift and Loan, to guide them through the process.

3.     A "Mortgage Loan Origination Agreement" was filed with Western Thrift and Loan.

4.     Western Thrift and Loan submitted Plaintiffs' loan application to Argent Mortgage in March, 2005.  (Id., ¶ 5.)

5.     Argent Mortgage promptly approved the loan application.

6.     The loan closing was conducted on March 25, 2005 by Richard Coburn, a closing agent hired by First American Title.  (Id., at ¶ 7.)

7.     Mr. Coburn was Argent Mortgage's agent at the closing.

8.     Argent Mortgage provided Closing Instructions to First American Title and

---

[2] Prior to the commencement of the trial, Plaintiffs were directed to designate the proposed findings of fact presented by Argent Mortgage that were disputed. (Dkt. Entry 60.) The Court adopts the material statements of fact presented by Argent Mortgage that Plaintiffs did not dispute. Citation to a paragraph of Argent Mortgage's proposed findings of fact indicates that the matter was not disputed.

3

Richard Coburn which required the closing notary to provide two copies of the completed Notice of Right to Cancel to each borrower and each person having an ownership interest in the property.

9. Argent Mortgage's practice and policy required the closing notary to execute the Closing Instructions and acknowledge that he or she followed all of Argent Mortgage's instructions. (Id., at ¶ 9.)

10. Mr. Coburn signed the Closing Instructions and acknowledged that all of the instructions had been followed. (Id., at ¶ 10.)

11. At the loan closing, Plaintiffs signed a number of documents evidencing the residential mortgage loan in the amount of $248,800 from Argent Mortgage to Plaintiffs. (Id., at ¶ 11.)

12. Among the loan documents signed by Plaintiffs were the Mortgage, Adjustable Rate Note, TILA Disclosure Statement, and Settlement Statement. (Id., at ¶ 12.)

13. Plaintiffs were provided copies of the loan documents, including the Mortgage, Adjustable Rate Note, TILA Disclosure Statement, and Settlement Statement at the loan closing. (Id., at ¶ 14.)

14. Plaintiffs also signed a Notice of Right to Cancel at the loan closing. (Id., at ¶ 15.)

15. By executing the Mortgage, Plaintiffs provided Argent Mortgage with a lien on

Plaintiffs' property located at 16 Laurel Lane, Mount Pocono, Pennsylvania. (Id., at ¶ 13.)

16. The Notice of Right to Cancel provided Plaintiffs until March 30, 2005, to cancel the transaction.

17. At the loan closing, Plaintiffs signed the Notice of Right to Cancel, thereby expressly acknowledging receipt of two copies each of the Notice of Right to Cancel. (Defendant's Ex. 12.)

18. Plaintiffs signed an Importance Notice to Borrower(s) in which they expressly acknowledged receiving a full and complete set of all of the loan documents.

19. Plaintiffs do not remember what loan documents they received at the loan closing. (Id., at ¶ 19.)

20. The loan proceeds were used to pay off Plaintiffs' Option One mortgage loan in the amount of $205,286.50. (Id., at ¶ 21.)

21. The loan proceeds also paid county and local taxes owed by Plaintiffs as well as a number of other debts. (Id., at ¶ 22.)

22. Plaintiffs received $4,118.89 in cash from the loan proceeds. (Id., at ¶ 23.)

23. The Mortgage was recorded with the Monroe County Recorder's Office on April 7, 2005. (Id., at ¶ 24.)

24. Plaintiffs have not made a mortgage, property tax, or homeowners' insurance payment since July, 2005. (Id., at ¶ 29.)

25. Six months after discontinuing payments on the mortgage, Plaintiffs attempted to rescind the mortgage through a letter to Argent Mortgage and Countrywide Home Loans dated February 8, 2006 and signed February 15, 2006. (Plaintiff's Ex. "A".)

26. Countrywide Home Loans denied the attempted rescission by letter dated March 21, 2006.[3] (Defendant's Ex. 14.)

27. On April 4, 2006, Plaintiffs filed the instant action. (Id., at ¶ 31.)

28. On April 18, 2006, Wells Fargo, claiming to be the mortgagee, initiated a mortgage foreclosure action against Plaintiffs in this Court docketed to No. 3:CV-06-00813.[4] (Id., at ¶ 30.)

III. DISCUSSION

The congressionally-stated purpose of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C.A. § 1601. The Federal Reserve Board, pursuant to authority granted it by Congress, has promulgated rules and

---

[3] Argent Mortgage maintains that Wells Fargo received the letter from Plaintiffs and responded accordingly. It appears, however, that Countrywide Home Loans was servicing the mortgage at that time and responded to the purported letter of rescission. (See Dkt. Entry 23-5, p. 12-13; Defense Exhibit 14.)

[4] The mortgage foreclosure action was voluntarily dismissed without prejudice by Wells Fargo on January 11, 2007.

6

regulations to implement the TILA, collectively known as Regulation Z.  12 C.F.R. § 226.1 et seq.

Courts are to require strict adherence to Regulation Z.  "A creditor who fails to comply with TILA in any respect is liable to the consumer under the statute regardless of the nature of the violation or the creditor's intent."  Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 898 (3d Cir. 1990) (citing Thomka v. A.Z. Chevrolet, Inc., 619 F.2d 246, 249-50 (3d Cir. 1980)). "[O]nce the court finds a violation, no matter how technical, it has no discretion with respect to liability."  Id.  (citing Grant v. Imperial Motors, 539 F.2d 506, 510 (5th Cir. 1976)).

Of most significance in this case is 12 C.F.R. § 226.23(b)(1), which requires, among other things, a creditor to "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind . . . ."  12 C.F.R. § 226.23(b)(1).  When there are two signatories to the contract, each one must receive two copies, making for a total of four copies.  See, e.g., In re Meyer, 379 B.R. 529, 546 (Bankr. E.D. Pa. 2007); Stone v. Mehlberg, 728 F. Supp. 1341, 1353 (W.D. Mich. 1989).

The Jobes argue that Argent Mortgage failed to comply with 12 C.F.R. § 226.23(b)(1), thus triggering their right to rescind under 12 C.F.R. § 226.23(a).  To exercise the right to rescind, a consumer has:

> until midnight of the third business day following consummation, delivery of the notice, required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation,

7

> upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.

12 C.F.R. § 226.23(a)(3). Plaintiffs contend that they validly rescinded their contract on February 15, 2006, within three years of the March 25, 2005 date of consummation, because Argent Mortgage failed to provide two copies of the Notice of Right to Cancel to each of them.[5] Defendant argues that Plaintiffs' testimony alone, without additional corroborative evidence, is insufficient to rebut the statutory presumption created by their signatures on the Notice of Right to Cancel that the Jobes each received two copies of the Notice of the Right to Cancel.

15 U.S.C. § 1635(c) provides: "Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). Thus, the Jobes' signatures at the bottom of the Notice of Right to Cancel create a rebuttable presumption of delivery of the two copies of the Notice of Right to Cancel. See, e.g., Parker v. Long Beach Mortg., 534 F. Supp. 2d 528, 536 (E.D. Pa. 2008); Oscar v. Bank One, N.A., No. 05-CV-5928, 2006 WL 401853, at *3 (E.D. Pa. Feb. 17, 2006); Strang v. Wells Fargo Bank, N.A., No. 04-CV-2865, 2005 WL 1655886, at *3 (E.D. Pa. July 13, 2005); Stone, 728 F. Supp. at 1354. The burden then shifts to the Jobes to rebut the presumption that they each received

---

[5] Plaintiffs acknowledge that they each received at least one copy of the Notice of Right to Cancel. The focus of their argument is that each of them was not provided with two copies.

8

two copies of the Notice of Right to Cancel.

As rebuttal evidence, the Jobes each testified that Argent Mortgage failed to give them each two copies of the Notice of Right to Cancel at the time of the closing. At their depositions, however, the Jobes testified that they could not remember what was given to them at the time of the closing. (Ian Jobe Dep., Dkt. Entry 23-4, at 15; Catherine Jobe Dep. Dkt. Entry 23-5, at 35.) The closing agent, Mr. Coburn, provided countervailing testimony, stating that he always followed the procedures and supplied the appropriate number of copies to the borrowers at closings.

A borrower's testimony has been found insufficient to rebut the presumption of delivery where there have been factors that revealed the self-serving testimony to be unreliable. For example, in Sibby v. Ownit Mortg. Solutions, Inc., 240 F. App'x. 713, 717 (6th Cir. 2007), the court concluded that "[p]laintiff's deposition testimony that she only received one copy [of the Notice of Right to Cancel] is insufficient to rebut this presumption" given the fact that plaintiff had been deemed to have admitted receipt when she failed to respond to requests for admission. In Williams v. First Gov't Mortg. & Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000), the court, noting that the district court had ample reason for finding plaintiff's trial testimony not credible, affirmed the district court's determination that the plaintiff failed to rebut the presumption of delivery "because [plaintiff] offered no evidence of non-delivery beyond his trial testimony." In McCarthy v. Option One Mortg. Corp., 362 F.3d 1008, 1021 (7th Cir. 2004),

the court affirmed the district court's grant of summary judgment, reasoning that "[e]vidence of regular office procedures and customary practices of a sender gives rise to a presumption of delivery and this [c]ourt has rejected the notion that this type of evidence may be rebutted by a mere denial of receipt."

In the current case, Plaintiffs explicitly acknowledged delivery and receipt of two copies each of the Notice of Right to Cancel by signing the document. See "Notice of Right to Cancel," Defendant's Exhibit 12 (Dkt Entry 23-4, p. 59, stating "The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).")  Plaintiffs have not rebutted the presumption of delivery that was created by their signing the Notice of Right to Cancel because they failed to provide credible testimony.  Plaintiffs' testimony at trial contradicted statements made during their depositions that they could not remember the documents that they were given at the closing.[6]  (Ian Jobe Dep., Dkt. Entry 23-4, at 15; Catherine Jobe Dep., Dkt. Entry 23-5, at 35.)  In addition, the closing agent, Mr. Coburn, provided credible testimony of routine

---

[6] Catherine Jobe testified that she was not well rested on the day of her deposition, which is why she did not recall at that time what documents she was given at the closing, while Ian Jobe testified at his deposition that he did not recall what documents he received at the closing.  Catherine Jobe's credibility was undermined by the fact that she could not even recognize her own driver's license at her deposition.  Both Plaintiffs' credibility was rendered even more suspect by their refusal to acknowledge at their depositions that their signatures appeared on the closing documents, including the Notice of Right to Cancel.

closing practices that he followed. He testified that he has performed many closings, that he routinely followed the practices as required by the instructions given to him, and that he does not know of a time when he did not follow the instructions. In addition to this testimony, Mr. Coburn signed the "Closing Instructions to Title" provided by Defendant on the day of the closing, attesting that he followed the instructions and provided the appropriate number of documents to Plaintiffs. See "Closing Instructions to Title," Defendant's Exhibit 13 (Dkt Entry 23-4, p.57-58).

In short, Plaintiffs acknowledge receiving at least one copy each of the Notice of Right to Cancel. Indeed, they now concede that the Notice bears their signatures so that they really cannot deny receipt of at least one copy. They stopped paying on the indebtedness six months before they sought to rescind their obligation. They have a compelling motive to disclaim receipt of the two copies that they acknowledged having received when they signed the Notice of Right to Cancel. Their deposition testimony was plainly obstructive, refusing to confirm their signatures appeared on closing documents. Mr. Coburn is no longer in the loan closing business, having retired to care for his ailing wife, and thus had no motive to lie. He did not recall the transaction in question, but did testify credibly about his routine closing practices. He explained that he followed the closing instructions, which called for delivery of two copies of the Notice of Right to Cancel. He also explained that he executed the closing instructions as confirmation of his faithful compliance with them. For these reasons, the Court finds that

11

Plaintiffs failed to rebut the presumption of delivery.

Even if Plaintiffs' testimony was credible, rescission of their mortgage obligation would not be appropriate because they acknowledge that they are unable to pay back the amount they received in reliance upon their contractual commitments to Argent Mortgage. The procedure for rescission under the TILA contemplates that the borrower will repay the money it has received under the contract that is to be rescinded. In pertinent part, 15 U.S.C. § 1635(b) provides:

> <u>Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor</u>, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court. [Emphasis added.]

It has been recognized that this statutory provision confers upon "a trial judge . . . the discretion to condition rescission on tender by the borrower of the property he has received from the lender." <u>Ljepava v. M.L.S.C. Props., Inc.</u>, 511 F.2d 935, 944 (9th Cir. 1975). For example, in <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1173 (9th Cir. 2003), the plaintiffs notified BNC Mortgage, Inc., and later the Bank of New York, who had purchased the mortgage, that they were exercising their right to cancel the loan because they were not provided with the notice of right to cancel forms as required under the TILA. <u>Yamamoto</u>, 329

F.3d at 1169. The plaintiffs argued that upon receipt of the rescission letter the mortgage was automatically void and the creditors were required to release their security interest in the home. Id. Similar to the case before this Court, the plaintiffs' damage claims were barred by TILA's one-year statute of limitations, but there existed a triable issue of fact as to whether they received the proper disclosures. Id. The district court gave the plaintiffs, who had indicated they were unable to tender the proceeds, sixty days to try to do so, and when they failed, the court dismissed the action and entered judgment in favor of the defendant, the Bank of New York. Id. On appeal, the Ninth Circuit affirmed the district court's decision and stated the district court was entirely within its power to impose conditions on rescission to ensure that the borrower meets his or her obligations once the creditor has performed its obligations. Id. at 1173. "Otherwise, a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any."[7] Id. at 1172.

Other courts have reached a similar result. See, e.g., American Mortgage Network, Inc. v. Shelton, 486 F.3d 815, 819 (4th Cir. 2007) (affirming lower court judgment denying rescission due to the plaintiffs' inability to tender payment of the loan amount); Powers v. Sims & Levin, 542 F.2d 1216, 1221 (4th Cir. 1976) ("Congress did not intend to require a lender to relinquish its security interest when it is now known that the borrowers did not intend and were not

---

[7] The Ninth Circuit has also held that where, as here, the alleged TILA violation is not egregious, the Court should condition rescission on the repayment of the amounts advanced by the lender. Palmer v. Wilson, 502 F.2d 860, 862 (9th Cir. 1974).

13

prepared to tender restitution of the funds expended by the lender in discharging the prior obligations of the borrowers"); accord Williams v. Homestake Mortg. Co., 968 F.2d 1137, 1140 (11th Cir. 1992) ("goal of § 1635(b) is to return the parties most nearly to the position they held prior to entering into the transaction."), Valentine v. Influential Sav. & Loan Ass'n, 572 F. Supp. 36, 40-41 (E.D. Pa. 1983) (stating that rescission under the TILA "is an equitable remedy and the court may condition it upon borrower's return of the monies advanced by the lender").

In Shelton the creditor admitted it made a mistake in the closing process and was prepared to "unwind the transaction in accordance with TILA, upon receipt of confirmation from Shelton that he was prepared to return the net loan proceeds . . . ." Shelton, 486 F.3d at 818. The plaintiffs in Shelton, similar to the plaintiffs in Yamamoto, argued the creditor should be required to unconditionally release its security interest, regardless of their inability to tender the balance due on the loan. Id. at 820. The Court of Appeals found this argument offensive to traditional notions of equity and inconsistent with § 1635(b). Id. The court held the trial judge correctly decided the remedy of unconditional rescission was inappropriate where the borrower was unable to tender the loan proceeds. Id. at 821.

In the current case, Plaintiffs acknowledged at trial that they do not have the ability to return to Argent Mortgage the money advanced to them. Plaintiffs have resided in the property for more than four years without making any payment on the loan. Nor have they paid the real estate taxes and property insurance. Under these circumstances, rescission is not appropriate.

Since Plaintiffs cannot validly rescind their mortgage, there is no reason to quiet title. An action to quiet title may be brought "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." Pa. R.C.P. 1061(b)(3). The mortgage on the property remains a valid and binding lien. Accordingly, there is no basis for the quiet title claim.

IV. CONCLUSION

Plaintiffs have not rebutted the statutory presumption that they each received two copies of the Notice of Right to Cancel, and thus are not entitled to the statutory remedy of rescission. Even if they were entitled to such relief, rescission would not be appropriate because Plaintiffs cannot tender payment of the substantial monies advanced to them. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IAN JOBE AND CATHERINE JOBE, :
    Plaintiffs :
:
v. : No. 3:CV-06-00697
: (JUDGE VANASKIE)
ARGENT MORTGAGE COMPANY, LLC, :
    Defendant :

## ORDER

NOW, this 11th DAY OF AUGUST, 2009, on the basis of the findings of fact and conclusions of law set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiffs.

2. The Clerk of Court is further directed to mark this matter CLOSED.

                                             s/ Thomas I. Vanaskie
                                             Thomas I. Vanaskie
                                             United States District Judge